## HAYNES v. HAYNES.

No. 22292.    June 26, 1934.

P. K. Morrill, for plaintiff in error.

Rizley & Sweet, for defendant in error.

ANDREWS, J.  This is an appeal by the plaintiff from a judgment of the district court of Texas county granting the defendant a divorce and approving a property settlement entered into between the parties.

The plaintiff filed her petition praying for a divorce in August, 1930. On September 6, 1930, the defendant filed his answer. On September 11, 1930, the parties entered into a separation agreement and property settlement, each of them being represented by counsel. On November 1, 1930, the defendant filed an amended answer and cross-petition praying for a divorce. On the same day the case was tried and a divorce was refused to the plaintiff and granted to the defendant. The plaintiff did not appear at the trial, but had notice thereof and was represented thereat by her counsel. Thereafter she procured different counsel, and on the 4th day of November, 1930, she filed a motion for new trial and a motion to vacate the judgment. Those motions were overruled by the court, and the plaintiff appealed to this court.

Herein she contends that the trial court erred in overruling those motions. We have carefully examined the evidence in the case, and we conclude therefrom that it does not support the contention of the plaintiff. She does not contend that there was not sufficient evidence to sustain the decree of divorce. She contends that the property settlement was inadequate and unjust as to her. There is nothing in the record to show any fraudulent representation on the part of the defendant to procure the plaintiff to enter into the property settlement. The property settlement appears to be fair. It was found to be fair by the trial court when it approved the same and when it overruled the motions.

The judgment rendered is sustained by the evidence. The evidence offered on the motions is not sufficient to justify this court in finding that the trial court erred in overruling them.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.